IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH ANDRE GREEN,<br><br>Defendant. | CR 24–08–M–DWM–1<br><br><br><br>ORDER |

On May 21, 2024, the trial in this case was reset for May 28, 2024, after Defendant Keith Andre Green sought a continuance on the plea deadline to review video of a traffic stop that had been inadvertently omitted from discovery and pursue a motion to suppress based on that video, which was denied. (*See* Doc. 60.) The United States now moves unopposed to continue the trial date due to the unavailability of essential witnesses. (*See* Doc. 64). Green has not waived his speedy trial rights at this time and his speedy trial clock runs on June 4, 2024.

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when an essential witness is unavailable and his or her appearance cannot be obtained by due diligence. 18 U.S.C. § 3161(h)(3)(A) & (B). In determining whether an "ends of justice" continuance is appropriate, the court must consider, *inter alia*, whether the failure to grant the

1

continuance will result in a miscarriage of justice, or whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (iv).  An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).  The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7).  *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, the United States seeks a continuance so that the government can secure the appearance of at least five forensic chemists that are essential witnesses to prove an element of the charges conspiracy to possess with intent to distribute methamphetamine and fentanyl (Count 1), and possession with intent to distribute methamphetamine and fentanyl (Count 2), after the trial date was moved on short notice.  (*See* Doc. 65.)  A continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv).

IT IS ORDERED that the United States' unopposed motion (Doc. 64) is GRANTED as follows:

(1) The previous trial date and deadlines (*see* Doc. 60) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]:                          **June 24, 2024, at 9:00 a.m.**
                                          Russell Smith Courthouse
                                          Missoula, Montana

- Plea Agreement deadline:                June 13, 2024

- JERS deadline:                          June 17, 2024

- Jury instructions and
  trial briefs deadline:                  June 18, 2024

This schedule must be strictly adhered to by the parties. The March 27, 2024 Scheduling Order (Doc. 33) shall remain in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between May 20, 2024, and June 24, 2024, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B). **No further continuances will be granted.**

DATED this 23rd day of May, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial.**